**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Cherry Industries LLC,

                    Plaintiff,      Case No. 24-cv-12060

v.                              Judith E. Levy
                                   United States District Judge

Brian Pangrle, *et al.*,

                                Mag. Judge Curtis Ivy, Jr.

                    Defendants.

_____/

**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE CASE**
**SHOULD NOT BE DISMISSED FOR LACK OF**
**SUBJECT MATTER JURISDICTION [1]**

On August 7, 2024, Plaintiff Cherry Industries LLC filed the complaint in this case. (ECF No. 1.) Plaintiff asserts several claims against Defendants Brian John Pangrle and Silvia Marie Lazo: (1) injurious falsehoods; (2) defamation; and (3) common law conspiracy. (*Id.* at PageID.12–14.)

Plaintiff states that the Court has diversity subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds $75,000. (*Id.* at PageID.2.) However, Plaintiff's

allegations in the complaint are insufficient to show that subject matter jurisdiction exists.

Subject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Challenges to a court's subject matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (footnote omitted) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)).

"Federal courts have subject matter jurisdiction over cases that raise a federal question, *see* 28 U.S.C. § 1331, or are between parties of diverse citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332." *Christenberry v. White*, No. 20-6349, 2021 WL 5983815, at *1 (6th Cir. July 2, 2021) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 5013 (2006)).

Federal district courts have diversity jurisdiction in civil cases "where the amount in controversy exceeds the sum or value of $75,000,

2

exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). While Plaintiff's complaint states that the amount in controversy exceeds $75,000 (*see* ECF No. 1, PageID.2), the complaint's allegations are insufficient to show complete diversity between the parties.

"Under [28 U.S.C. § 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *see Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645 (6th Cir. 2003) (stating that "complete diversity" requires "that no party share citizenship with any opposing party" (citing *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994))). "In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Washington*, 76 F. App'x at 645–46 (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

In this case, the complaint states that Plaintiff Cherry Industries LLC, is a "Michigan limited liability company . . . with its primary operations in Detroit, Michigan." (*See* ECF No. 1, PageID.2.) This

3

information does not allow the Court to confirm the existence of complete diversity because Plaintiff does not properly allege its citizenship.

"[A]ll unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–92 (1990)). Therefore, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Id*. The complaint does not indicate the citizenship of each member of Cherry Industries LLC. As a result, Plaintiff has not identified its citizenship.

Additionally, Plaintiff has not identified the citizenship of Defendants Brian Pangrle and Silvia Lazo. The complaint states that both Defendants have a "primary residential address of 1110 Eaton Street, Missoula, Montana, 59801." (ECF No. 1, PageID.2.) This allegation does not identify their citizenship. For purposes of determining whether diversity jurisdiction exists, residence and citizenship are not equivalent. *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). "A mere averment of residence does not aver

4

citizenship, so when the parties allege residence but not citizenship, the court must dismiss the suit." *Id.* (quotation marks and internal citations omitted); *see* 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3611 (3d ed. 2022) ("The diversity jurisdiction of the federal courts is defined in terms of the citizenship of the parties to the action."). An individual's citizenship depends on domicile, which "requires that a person *both* be present in a state and have 'the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.'" *Prime Rate Premium Fin. Corp., Inc.*, 930 F.3d at 765 (emphasis in original) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)). Here, the complaint alleges that Defendants are residents of Montana, but it does not allege their citizenship. Plaintiff's allegations are insufficient to show subject matter jurisdiction under diversity jurisdiction.

Further, the allegations of Plaintiff's complaint do not establish federal question jurisdiction. "Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller*, 949 F.3d at 990 (citing *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018)). Plaintiff's claims do not arise under federal law,

and  do not appear to "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005).

For these reasons, Plaintiff's allegations are insufficient to show subject matter jurisdiction. Accordingly, Plaintiff is ordered to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response is due on or before **August 27, 2024**.

IT IS SO ORDERED.

Dated: August 13, 2024           s/Judith E. Levy
      Ann Arbor, Michigan        JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 13, 2024.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager