UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cherry Industries LLC,

                Plaintiff,        Case No. 24-cv-12060

v.                                    Judith E. Levy
                                      United States District Judge

Brian Pangrle, *et al.*,

                                      Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AND TO EXTEND TIME FOR SERVICE OF SUMMONS [8]**

Before the Court is Plaintiff Cherry Industries LLC's motion for alternate service and to extend time for service of summons. (ECF No. 8.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part without prejudice.

Plaintiff requests permission to serve Defendants by alternate service through a combination of the following methods:

    1) mailing a copy of the summons, complaint and any order authorizing alternative service by registered or certified mail to Defendants' last known personal and law firm addresses noted above, 2) mailing a copy of the same by first class mail to

>Defendants' last known personal and law firm addresses noted above, 3) mailing a copy of the same by first class mail to Defendants care of Kassem Dakhlallah, Defendants' last know counsel of record, 4) emailing the same to the email of record for Defendant Pangrle listed on the California State Bar and Washin[g]ton D.C. Bar Directory Websites, brian@ppbdlaw.com, and/or 5) by other alternate means as ordered at the discretion of the Court.

(ECF No. 8, PageID.147.)

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Michigan, which is the state where the district court is located, a resident or nonresident individual may be served by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A). Service by registered or certified mail is only complete once "the defendant acknowledges receipt of the mail," and "[a] copy of the return receipt signed by the defendant must be attached to proof showing service." Mich. Ct. R. 2.105(A)(2). Additionally, a nonresident individual may be served by "sending a summons and a copy of the complaint by registered mail

2

addressed to the defendant at his or her last known address." Mich. Ct. R. 2.105(B)(1)(b). Plaintiff seeks to serve Brian Pangrle and Silvia Marie Lazo, who are citizens of Montana and nonresidents of Michigan, at their last known residential address. (ECF No. 5, PageID.133–134; ECF No. 8, PageID.147.) As such, the Court need not permit alternative service for Plaintiff's first request, "mailing a copy of the summons, complaint, and any order authorizing alternative service by registered or certified mail to Defendants' last known personal . . . address[]" (*id.*), because it is permitted under the Michigan Court Rules.[1]

Federal Rule of Civil Procedure 4(e)(1) also allows service that follows state law in the state where service is made. In Montana, which is the state where Defendants' last known address is located (ECF No. 8, PageID.146), service may be accomplished by first class mail, if the recipient completes and returns a notice and acknowledgement of service

---

[1] Pursuant to Michigan Court Rule 2.105(B)(1)(b), nonresident individuals who are served via registered mail need not acknowledge receipt of the mail in order for service to be successful. *See* 2 Ronald S. Longhofer, Michigan Court Rules Practice § 2105.6 (8th ed. 2024) ("Unlike MCR 2.105(A)(2), subrule 2.105(B)(1)(b) does not require 'return receipt requested.'"); *but see Childs v. Neighbors*, No. 23-1205, 2024 WL 4024148, at *2 (6th Cir. Aug. 8, 2024) (suggesting that Michigan Court Rule 2.105(A)(2)'s requirement that the defendant acknowledge receipt of mail also applies to Rule 2.105(B)(1)(b)).

3

by mail. Mont. Code Ann. § 25-20-4(d)(3)(A), (C)–(E). Again, the Court need not permit alternative service for Plaintiff's second request, "mailing a copy of the [summons, complaint and any relevant order] by first class mail to Defendants' last known personal [] address[]" (ECF No. 8, PageID.147), because it may conform to the Montana Rule on service of process.

Additionally, Plaintiff's other requests – that Plaintiff serve Mr. Pangrle by mail at his listed law firm addresses and by email via the emails listed on the California and D.C. Bar directory websites, and that Plaintiff serve both Defendants by mail through Kassem Dakhlallah, Defendants' last known counsel of record – are denied without prejudice. While Plaintiff has submitted a record of its diligent attempts to serve Defendants, Plaintiff has not demonstrated that "service of process cannot reasonably be made as provided" by the Michigan Court Rules because it has not yet attempted service by mail.[2] Mich. Ct. R. 2.105(J)(1).

---

[2] Further, Plaintiff's motion is not verified, in violation of Rule 2.105(J)(2). *See United States v. Szostak*, No. 22-CV-11239, 2022 WL 4099448, at *2 (E.D. Mich. Sept. 7, 2022) ("Second, as required under Michigan Court Rule 2.105(J)(2), the United States submitted a verified motion that is dated within 14 days of filing, and it was supported by exhibits demonstrating that the United States has diligently attempted to ascertain the identity of the Trustee in order to serve process."); *United States v.*

However, Plaintiff may request alternate service at a later time if it is remains unable to serve Defendants.

Finally, Plaintiff has shown "good cause" to extend the time of service to January 4, 2025. Fed. R. Civ. P. 4(m); (ECF No. 8, PageID.151–152.)

For the reasons set forth above, Plaintiff's motion is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. Plaintiff may attempt service via sending mail to Defendants' last known residential address as permitted by Michigan and/or Montana law, and the time for service is extended to January 4, 2025.

IT IS SO ORDERED.

Dated: October 21, 2024　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

---

*Robinson*, No. 21-CV-11481, 2021 WL 5162030, at *2 (E.D. Mich. Nov. 5, 2021). Therefore, Plaintiff's motion cannot be granted under Michigan Court Rule 2.105(J).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
